UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.     Criminal No. 4:13-cr-0180-GHD-JMV-1;

       Civil No. 4:16-cv-00138-GHD

WALTER LEE MAYFIELD

---

ORDER DENYING DEFENDANT WALTER MAYFIELD'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

Defendant Walter Mayfield has moved this court to vacate, set aside, or correct his sentence [Doc. No. 31] pursuant to 28 U.S.C. § 2255. Having considered the matter, the court finds the motion should be denied.

On November 6, 2014, Mayfield was sentenced to 72 month's imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 and 924. The Court found that Mayfield was subject to an increased offense level under U.S.S.G. § 2K2.1(a)(4)(A) because he had three prior convictions that qualified as a "crime of violence" as defined by U.S.S.G. § 4B1.2(a). The Court also found Mayfield was subject to an increased offense level pursuant to U.S.S.G. § 4B1.4 after this Court found he was an armed career criminal under the definition of 18 U.S.C. § 924(e) because he had had been convicted of three prior "violent felonies." The prior convictions upon which the Court based those findings were Mayfield's prior Mississippi convictions of burglary and two instances of armed robbery. Mayfield argues that in light of the United States Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d (2015), his two armed robbery convictions do not qualify as either "crimes of violence" under §4B1.2(a) or "violent felonies" under 18 U.S.C. § 924(e).

U.S.S.G. § 2K2.1 provides for increased base offense levels when a defendant has prior convictions that qualify as a "crime of violence". "Crime of violence" for purposes of § 2K2.1 has

the same meaning given the term in § 4B1.2. U.S.S.G. § 2K2.1 cmt. n. 13. Section 4B1.2, at the time Mayfield was sentenced, § 4B1.2 defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(2010).

Section 4B1.4 subjects "armed career criminals" to increased offense levels and defines an "armed career criminal" as a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). Section 924(e) provides mandatory minimum sentences for felons in possession of a firearm who have three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court held the second part of § 924(e)(2)(B)(ii) that defines "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

Mayfield argues that this renders his sentence incorrect for two reasons. First, because the residual clause of § 924(e) was found unconstitutional, and because the definition of "armed career criminal" under U.S.S.G. § 4B1.4 is based on § 924(e), he is no longer an "armed career criminal" within the meaning of § 4B1.4. Second, because § 4B1.2's definition of "crime of violence" is identical to § 924(e), § 4B1.2's residual clause is also unconstitutional, and cannot be used to classify his armed robbery convictions as "crimes of violence." Therefore, he argues, he does not have three prior convictions of "crimes of violence" and is warranted a lower base offense level under 2K2.1.

The Court agrees that if Mayfield is not "subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)" then he is not an "armed career criminal" under § 4B1.4. However *Johnson* did not invalidate the entire definition of "violent felony" under § 924(e). "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 134 S Ct. at 2563. Thus, Mayfield's armed robbery convictions can qualify as violent felonies if armed robbery under Mississippi law "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

In determining whether a past conviction is for a "violent felony," the court must employ the "categorical approach," *Deschamps v. United States*, 570 U.S. 254, 257, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013). Under this approach, the court may "look only to the statutory definitions"—*i.e.,* the elements—of a defendant's prior offenses, and not "to the particular facts underlying those convictions." *Id.* at 261 (quoting *Taylor v. United States*, 495, 575, 600, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990)). "Under the categorical approach, we 'assume[ ] that the defendant committed the least culpable act to satisfy the count of conviction as long as there is a realistic probability,

not a theoretical possibility, that the State would apply its statute to [that conduct].' " *United States v. Brewer*, 848 F.3d 711, 714 (5th Cir. 2017)(quoting *United States v. Carrasco–Tercero*, 745 F.3d 192, 198 (5th Cir. 2014)).

The Mississippi statute under which Mayfield was convicted in both robbery convictions states that:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery. . . .

Miss. Code Ann. § 97-3-79. Mayfield contends that the least culpable conduct sufficient to satisfy the statute – committing robbery by putting a person in fear of immediate injury to his person by exhibiting a deadly weapon – does not equal the use, attempted use or, threatened use of "physical force." *See Johnson v. United States*, 559 U.S. 133, 138, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) (defining "physical force" under 18 U.SC. 924(e) as "violent force – that is force capable of causing physical pain or injury to another person." )

But the Court fails to see how placing a person "in fear of *immediate injury to his person*" by brandishing a deadly weapon, could be anything other than a threat of "force capable of causing physical pain or injury." The least culpable conduct in Mississippi's armed robbery statute must, by definition, involve the threat of physical force. It is therefore a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i), and it was appropriate to classify Mayfield as an "armed career criminal" for sentencing purposes.

Mayfield's constitutional challenge to the residual clause of § 4B1.2 also fails. In *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 197 L.Ed.2d 145 (2017), the Supreme Court, considering whether § 4B1.2's residual clause was impermissibly vague, held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 895.

Accordingly, "the residual clause in § 4B1.2(a)(2) is not void for vagueness." *Id.* And for the same reason his convictions for armed robbery are "violent felonies" under the elements clause of § 924(e), they are also "crimes of violence" under the identical elements clause of U.S.S.G. § 4B1.2(a)(i).

The Court finds that Mayfield's two prior convictions for armed robbery are "violent felonies" within the remaining, constitutional definition of 18 U.S.C. § 924(e), and that the convictions are correctly considered "crimes of violence" under § 4B1.2(a)(2). The increased offense levels assessed to Mayfield were warranted, and his sentence is correct. The Court **ORDERS** that Mayfield's motion to vacate, set aside, or correct his sentence [Doc. No. 31] is **DENIED**, and civil case no. 4:16-cv-138 is **CLOSED**

**SO ORDERED**, this, the 29th day of January, 2018.

_____
SENIOR U.S. DISTRICT JUDGE